UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO GARCIA,<br><br>                         Plaintiff,<br>v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>                        Defendant. | Case No. 23-cv-2017-MMA-BLM<br><br>**ORDER GRANTING DEFENDANT'S EX PARTE APPLICATION TO FILE UNDER SEAL**<br><br>[Doc. No. 59] |

      On December 19, 2024, Defendant Navy Federal Credit Union ("Defendant NFCU") filed an *ex parte* application to file anticipated exhibits under seal regarding forthcoming motions for summary judgment. Doc. No. 59. Plaintiff Eduardo Garcia ("Plaintiff") filed a response in opposition on December 20, 2024. Doc. No. 61. For the following reasons, the Court **GRANTS** Defendant NFCU's *ex parte* application to file under seal.

## I. Background

Plaintiff filed this action against Defendant NFCU regarding Defendant NFCU's attempt to pursue debt that it attributes to Plaintiff, but which Plaintiff contends originated from a fraudulent loan taken out by an unauthorized third party. Doc. No. 1 ("Compl.") ¶¶ 1–31. In pursuing this debt, Plaintiff alleges that the Defendant NFCU violated California Civil Code sections 1798.92–1798.97 ("California Identity Theft Act"), California Civil Code section 1785.1, *et seq.* ("California Consumer Credit Reporting Agencies Act"), California Civil Code sections 1788–1788.3 ("Rosenthal Fair Debt Collections Practices Act"), 15 U.S. Code section 1693, *et seq.* ("Electronic Funds Transfer Act"), 15 U.S.C. § 1666 *et seq.* ("Fair Credit Billing Act"), and California Penal Code section 530.8.

Plaintiff filed an amended complaint on December 13, 2023, adding other defendants now no longer party to this action. Doc. Nos. 6, 25, 32. Plaintiff subsequently filed a second amended complaint, the operative complaint. Doc. No. 45. Discovery in this matter is now closed. *See* Doc. No. 26 at 2.

## II. Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This is "because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quotation marks omitted). Accordingly, when considering a request to seal, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (quoting *Kamakana*, 447 F.3d at 1178). For filings more than tangentially related to the case's merits, including the parties' anticipated motions for summary judgment, that presumption can be overcome only by a showing of a "compelling reason," that "outweigh[s] the general history of

access and the public policies favoring disclosure." *Id.* at 1194–95; *Settrini v. City of San Diego*, No. 320CV02273RBMBGS, 2022 WL 6785755 *1 (S.D. Cal. Oct. 11, 2022).

### III. DISCUSSION

Defendant NFCU seeks to file under seal four exhibits in connection with anticipated dispositive motions, referred to in its application to file under seal as Exhibits A–D.  Doc. No. 59 at 2.  Defendant NFCU filed, alongside its motion to seal, redacted copies of the proposed sealed documents, and lodged unredacted versions with the Clerk of Court.  Doc. No. 59-2–59-5, 60.  Defendant NFCU asserts that Exhibit A, an image capture of Defendant NFCU's fraud alert system includes, beyond personally identifying information relating to Plaintiff, "sensitive information revealing how [Defendant's fraud prevention] system tracks suspicious account activity."  Doc No. 59 at 4.  According to Defendant NFCU, this information is not subject to public disclosure, and "would expose both parties to third party fraud" or other harm if disclosed publicly.  *Id.*  Exhibit B, readouts of access events for Plaintiff's account, "documents instances of online access of Plaintiff's Navy Federal accounts over a period of about six months[,]" and "also reveals [Defendant NFCU's] method of identifying suspicious online activity . . . . This information is not subject to public disclosure and would expose both parties to third party fraud or other forms of harm if disclosed . . . ."  *Id.* at 5.  Exhibit C, a claim denial letter, "contains sensitive personal information, including the account numbers . . . the amounts of each transaction, Plaintiff's social security number, and his date of birth. . . . Exhibit C also reveals the precise steps taken by the fraud investigator and the basis for denying Plaintiff's claim."  *Id.*  Exhibit D, Defendant NFCU's claim denial procedures, "details [Defendant NFCU's] fraud investigation guidelines, bases for denying claims, and how investigators weigh different kinds of evidence[,]" information "not subject to public disclosure [that] would expose both parties to third party fraud or other forms of harm if disclosed . . . . For example . . . to exploit or circumvent Navy Federal's security protocols and harm Navy Federal and its customers."  *Id.*  Plaintiff does not object to the Court sealing Exhibits A, B, and D.  Doc. No. 61 at 2.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Courts have held that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' also satisfies the compelling reasons standard." *Nia v. Bank of Am., N.A.*, No. 21-CV-1799-BAS-BGS, 2024 WL 171659 *3 (S.D. Cal. Jan. 12, 2024). Having reviewed Exhibits A, B, and D, the Court determines that the information revealing how Defendant NFCU identifies and tracks suspicious activities, as well as the information revealing how it investigates frauds and approves or denies fraud claims, is information which may become a vehicle for improper purposes if made public. Namely, it could assist third parties in perpetrating fraud and evading Defendant NFCU's anti-fraud methods. This information likewise constitutes the sort of confidential business information which could harm Defendant NFCU financially if released. Additionally, publicization would risk exposing Plaintiff's personally identifying information. As such, the Court finds that there are compelling reasons that warrant sealing Exhibits A, B, and D.

Plaintiff opposes sealing Exhibit C, Doc No. 61 at 3, claiming that, though the document contains Plaintiff's personally identifying information, the exhibit does not contain "statements of internal protocols or communications between Defendant NFCU and other customers" or "proprietary information as to how [Defendant NFCU's] employees handle or investigate claims in general." *Id.* at 3. As personally identifying information must already be redacted under Federal Rule of Civil Procedure 5.2, Plaintiff argues that sealing is unnecessary and inappropriate. *Id.* Comparing the sealed lodged documents with the filed redacted versions, personally identifying information is included within, including bank account numbers and similarly sensitive information.

The document also contains descriptions of the steps Defendant NFCU ostensibly took regarding Plaintiff's fraud claim.  While not explicitly revealing "general" practices or policies, the information within gives sufficient insight into Defendant NFCU's anti-fraud and claim assessment procedures such that its release may aid third parties in evading fraud detection.  Therefore, the Court determines that, for the same reasons as Exhibits A, B, and D, there are compelling reasons to seal Exhibit C.

### IV. CONCLUSION

For the reasons above, the Court **GRANTS** Defendant's *ex parte* application to file under seal.  The Court **DIRECTS** the Clerk of Court to file the unredacted versions of Defendant NFCU's proposed exhibits, Doc. No. 60, **under seal**.

**IT IS SO ORDERED.**

Dated: December 26, 2024

HON. MICHAEL M. ANELLO
United States District Judge